UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| SARAH E. SPIERS,<br>    PLAINTIFF, | )<br>)<br>) CASE #:3:21-CV-__536__-_____<br>)<br>) |
| v. | )<br>) |
| equityexperts.org, LLC, A MICHIGAN<br>LIMITED LIABILITY COMPANY<br>    DEFENDANT. | )<br>)<br>) **JURY TRIAL DEMANDED** |

## COMPLAINT

**COMES NOW** the Plaintiff, by counsel, and for her Complaint against the Defendant, respectfully says as follows:

## PRELIMINARY STATEMENT

This is an action for actual and statutory damages brought by Plaintiff Sarah E. Spiers, an individual property owner, against Defendant, equityexperts.org, LLC, for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692p ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION, VENUE, and JURY DEMAND

1. This court has jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

2. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

3. Venue is properly laid in this jurisdiction pursuant to 15 U.S.C. § 1692k and 28 U.S.C. § 1391(b) and (c).

4. The actions complained of occurred primarily (if not exclusively) in the Eastern District of Virginia, the Defendant transacts business here, and should expect to be hailed into this court.

5. **TRIAL BY JURY IS HEREBY DEMANDED FOR ALL MATTERS SO TRIABLE**. *See* Fed. R. Civ. P. 38 and U.S. Const. amend. VII.

## PARTIES

6. Plaintiff, Sarah E. Spiers ("Plaintiff"), is a natural person and resides in Virginia.

7. Plaintiff falls within the definition of a consumer pursuant to 15 U.S.C. § 1692a(3).

8. Defendant, equityexperts.org, LLC ("Equity Experts"), is a Michigan Corporation, engaged in the business of regularly collecting debts in this Commonwealth, with its principal place of business located at 6632 Telegraph Rd, Suite 339, Bloomfield Hills, Michigan 48301, and is registered to do business in Virginia with the State Corporation Commission.

9. Equity Experts can be served at its registered agent, Corporation Service Company, 100 Shockoe Slip, 2nd floor, Richmond, VA 23219

10. The principal business of Equity Experts is the collection of debts.

11. Equity Experts regularly attempts to collect consumer debts alleged due to another.

12. Equity Experts is a "debt collector" as defined by the FDCPA 15 U.S.C. § 1692a(6).

## FACTS

13. Plaintiff incurred a debt with Twin Hickory Homeowners' Association, Inc., a nonstock Virginia corporation (not a party to this case) for homeowners' association dues for 940

Jamerson Lane, Glen Allen VA 23059 (the "Property") and personal use, bringing the debts in question within the Fair Debt Collection Practices Act.

14. Upon information and belief, Twin Hickory Homeowners' Association hired Equity Experts to collect the debt.

15. Following prolonged illness and related financial distress Plaintiff filed bankruptcy in December of 2012.

16. Plaintiff did not pay the homeowners' association dues on the Property for the pendency of the bankruptcy case for the calendar years 2013, 2014, 2015, 2016 and 2017.

17. The dues are $880 a year payable in quarterly installments.  Plaintiff owes $4400 to Twin Hickory Homeowners' Association for the dues for these five years.

18. Plaintiff made on time quarterly payments of $220 each during the years of 2018, 2019 and 2020 for a total of $2640.  Equity Experts credited Plaintiff with $1320 instead of the correct $2640.

19. On September 29, 2015, Twin Hickory Homeowners' Associations took a judgment against Plaintiff in Henrico General District Court for $3,840.77 for the dues owed for calendar years 2013, 2014 and 2015.

20. Plaintiff has not made payments in 2021 due to the illegal practices of Equity Experts, including improper accounting of 2021 dues owed, the charges of illegal collection fees, misapplying the payments made by Plaintiff in 2018, 2019 and 2020, and failing to properly credit payments made.

21. During the first week of March 2021 Plaintiff requested a ledger of the amount owed from Renita Jackson of Equity Experts.  Despite only owing $4400, Renita Jackson claimed Plaintiff owed $11,227.02.

22. On March 10, 2021, Plaintiff received an email from Renita Jackson with the requested ledger (the "Ledger").

23. The Ledger is sloppy, incomprehensible in places, and purports to charge Plaintiff fees that are illegal and not authorized by any law or contract, including fees for complying with the FDCPA, fees for making or receiving phone calls, etc.

24. The principal starting balance on the Ledger is $2,632 on August 4, 2016. Upon information and belief, this balance is incorrect.

25. According to the ledger, on August 11, 2016, Equity Experts charged a "FIRM FEE" of $1208.77. This fee is not authorized by law or statute.

26. Plaintiff made a payment for the first quarter dues of 2018 on December 29, 2017 of $220.

27. This payment appears on the Ledger on January 23, 2018. On information and belief, Equity Experts misapplied this payment to illegal and impermissible fees.

28. On March 7, 2018, Equity Experts added a total of $1205.76 to Plaintiff's debt on the Ledger called "Principal Adjustment." Upon information and belief, this amount is incorrect.

29. Plaintiff made a second quarterly payment on March 30, 2018 of $220.

30. This payment appears on the Ledger on May 8, 2018. On information and belief, Equity Experts misapplied this payment to illegal and impermissible fees.

31. Plaintiff made a payment for the third quarter dues of 2018 on June 29, 2018 of $220. This payment does not appear on the Ledger. Equity Experts failed to properly credit this payment.

32. On October 12, 2018, Equity Experts added a charge to the Ledger of $2319.24 as "BK ADJUSTMENT PER TERMINATION." This charge is not permitted by any law or contract.

33. On October 12, 2018, Equity Experts added a charge to the Ledger of $1970 for "COMBINATION FROM RELATED CLOSE FILE PER - ". This charge is not permitted by any law or contract.

34. On October 15, 2018, Equity Experts added a charge to the Ledger of $100 for "POLE 6." This charge is not permitted by any law or contract.

35. Plaintiff made a payment for fourth quarter dues of 2018 on September 28, 2018 of $220.

36. This payment appears on the Ledger on October 16, 2018. It appears Equity Experts misapplied this payment to illegal and impermissible fees.

37. Equity Experts repeatedly charged a fee of $25 for "EXT2 - EXTENDED OUTREACH 2 -" on the Ledger 27 times for a total charge of $675. This charge is not permitted by law or contract.

38. Plaintiff made a payment for first quarter dues of 2019 on January 11, 2019 of $220.

39. This payment appears on the Ledger on February 5, 2019. On information and belief, Equity Experts misapplied this payment to illegal and impermissible fees.

40. Plaintiff made a payment for second quarter dues of 2019 on April 5, 2019 of $220.

41. This payment appears on the Ledger on April 23, 2019. On information and belief, Equity Experts misapplied this payment to illegal and impermissible fees.

42. The Ledger indicates a charge on May 15, 2019 for $250 for "PROPERTY ANALYSIS REVIEW - DATA TREE - ." This charge is not permitted by law or contract.

43. The Ledger indicates a charge on May 15, 2019 of $150 for "PROPERTY ANALYSIS REVIEW - TLO - ." This charge is not permitted by law or contract.

44. Plaintiff made a payment for third quarter dues of 2019 on July 5, 2019 of $220.

45. This payment appears on the Ledger on July 29, 2019.  On information and belief, Equity Experts misapplied this payment to illegal and impermissible fees.

46. Plaintiff made a payment for the fourth quarter dues of 2019 on October 4, 2019 of $220.  This payment does not appear on the Ledger.  Equity Experts failed to properly credit this payment.

47. Plaintiff made a payment for the first quarter dues of 2020 on December 31, 2019 of $220.  This payment does not appear on the Ledger.  Equity Experts failed to properly credit this payment.

48. Plaintiff made a payment for the second quarter dues of 2020 on April 1, 2010 of $220.  This payment does not appear on the Ledger.  Equity Experts failed to properly credit this payment.

49. Plaintiff made a payment for the third quarter dues of 2020 on July 1, 2020 of $220.  This payment does not appear on the Ledger.  Equity Experts failed to properly credit this payment.

50. Plaintiff made a payment for the fourth quarter dues of 2020 on October 1, 2020 of $220.  This payment does not appear on the Ledger.  Equity Experts failed to properly credit this payment.

51. 2021 dues owed by Plaintiff are a total of $880 paid in quarterly installments of $220.  On February 24, 2021 the ledger indicates a charge of $220, a charge of $880 and a charge of $880.  Equity Experts is attempting to charge Plaintiff a fee of $1,980 for 2021 HOA dues that total $880.

52. Plaintiff has not paid 2021 HOA dues owed solely due to the actions of Equity Experts.

53. On February 24, 2021, the Ledger indicates a fee for $31.25 called "COLLECTION FEE 11/16/2020 - ." This charge is not permitted by law or contract.

54. Plaintiff suffered mental and emotional distress damages as a result of the actions of the defendants, in addition to being subjected to illegal fees, improper crediting of payments, and other actual or risked out of pocket damages.

## COUNT ONE:
## Violation of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692p

55. Plaintiff restates and re-alleges all previous paragraphs herein.

56. Defendant has violated the FDCPA 15 U.S.C. § 1692 in the following manner:

   a. Defendant has violated the FDCPA 15 U.S.C. § 1692c(a)(2), in that they communicated with a person known to be represented by counsel.

   b. Defendant has violated the FDCPA 15 U.S.C. § 1692e(2)(a), in that it falsely stated the amounts due, in the collection of a consumer debt.

   c. Defendant has violated the FDCPA 15 U.S.C. § 1692e(5), in that it falsely took or threatened to take action not legal to be taken including charging fees not permitted, in the collection of a consumer debt.

   d. Defendant has violated the FDCPA 15 U.S.C. § 1692e(10), in that it made false representations, in the collection of a consumer debt.

   e. Defendant has violated the FDCPA 15 U.S.C. § 1692f, in that it used unfair or unconscionable means to collect the alleged debt by sending the dunning letter in hopes that Plaintiff would pay.

   f. Defendant has violated the FDCPA 15 U.S.C. § 1692f(1), in that it charged fees and amounts not due under the contract or permitted by law.

   g. Defendant has violated the FDCPA 15 U.S.C. § 1692f(1), in that it misapplied or failed to apply payments made to the account.

57. Plaintiff is entitled to statutory damages, actual damages, attorney fees, and costs, pursuant to 15 U.S.C. § 1692k(a).

**WHEREFORE**, the Plaintiff by Counsel, respectfully requests this court to enter judgment on his behalf for violations of the Fair Debt Collection Practices Act for statutory damages, actual damages, attorney fees, and costs.

**SARAH E SPIERS**

<u>/s/ Jason M. Krumbein, Esq.</u>
by: Jason M. Krumbein, Esq. VSBN 43538
JKrumbein@KrumbeinLaw.com
Krumbein Consumer Legal Services, Inc.
Counsel for Plaintiff
1650 Willow Lawn Drive, Suite 201
Richmond, VA 23230
804.592.0792 phone
804.673.4350 fax

Page 8 of 8