# UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF VIRGINIA
# (Richmond Division)

SARAH E SPIERS

     Plaintiff,

v.

EQUITYEXPERTS.ORG, LLC, A
MICHIGAN LIMITED LIABILITY
COMPANY,

     Defendant.

Case No. 3:21-CV-00536-MHL

## ANSWER, AFFIRMATIVE DEFENSES, AND DEMAND FOR JURY TRIAL

Defendant EquityExperts.org, LLC (incorrectly referred to in Plaintiff's caption as equityexperts.org, LLC, hereinafter referred to as "EE"), by and through their undersigned counsel, hereby files their Answer with Affirmative Defenses to the Complaint filed by Plaintiff, Sarah E Spiers ("Plaintiff" or "Spiers") as follows:

## EE'S RESPONSE TO
## PLAINTIFF'S PRELIMINARY STATEMENT

Admitted in part, denied in part. EE admits that the Plaintiff is an individual property owner that seeks actual and statutory damages by alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. 1692 *et seq.* (hereinafter, the "FDCPA"), however, EE denies that it has violated the FDCPA. Defendant denies the remaining allegations in this paragraph for lack of knowledge or information to form a belief as to the remaining allegations in this paragraph, except to deny that it violated the law or is liable to the Plaintiff under any theory for any amount.

## EE'S RESPONSE TO PLAINTIFF'S STATEMENT REGARDING JURISDICTION, VENUE, AND JURY DEMAND

1. Denied. Determinations regarding jurisdiction constitute conclusions of law, for which no response is required. EE refers all questions of law to this Honorable Court. Answering further, EE denies that the Plaintiff suffered any damages – concrete or otherwise, and as such, the Plaintiff may not have Article III damages sufficient to sustain subject matter jurisdiction in this matter. EE denies the remaining allegations in this paragraph for lack of knowledge or information to form a belief as to the remaining allegations in this paragraph, except to deny that it violated the law or is liable to Plaintiff under any theory for any amount.

2. The allegations in this paragraph constitute conclusions of law, for which no response is required. EE refers all questions of law to this Honorable Court. To the extent that this Honorable Court may require a response, EE denies the remaining allegations in this paragraph for lack of knowledge or information to form a belief as to the remaining allegations in this paragraph, except to deny that it violated the law or is liable to Plaintiff under any theory for any amount.

3. Denied. Determinations regarding venue constitute conclusions of law, for which no response is required. EE refers all questions of law to this Honorable Court. To the extent that this Honorable Court may require a response, EE denies the remaining allegations in this paragraph for lack of knowledge or information to form a belief as to the remaining allegations in this paragraph, except to deny that it violated the law or is liable to Plaintiff under any theory for any amount. Answering further, EE does not contest venue.

4. EE admits that, from time to time, it operates within the state of Virginia. EE denies the remaining allegations in this paragraph for lack of knowledge or information to form a belief as to

the remaining allegations in this paragraph, except to deny that it violated the law or is liable to Plaintiff under any theory for any amount.

5. EE admits that the Plaintiff has demanded a trial by jury. EE relies upon Plaintiff's jury demand and hereby also demands trial by jury on all issues so triable.

**PARTIES**

6. Admitted in part, denied in part. EE admits that, upon information and belief, the Plaintiff is a natural person. EE denies the remaining allegations in this paragraph for lack of knowledge or information to form a belief as to the remaining allegations in this paragraph, except to deny that it violated the law or is liable to Plaintiff under any theory for any amount.

7. Denied. The definition of "consumer" under the FDCPA necessarily encompasses the definition of "debt" under the FDCPA, and, upon information and belief, the subject property is not used for primarily personal, family, or household purposes, but for a rental property. EE denies the remaining allegations in this paragraph for lack of knowledge or information to form a belief as to the remaining allegations in this paragraph, except to deny that it violated the law or is liable to Plaintiff under any theory for any amount.

8. Admitted in part, denied in part. EE admits that it is a Michigan corporation, that, from time-to-time operates within the state of Virginia, and is registered to do so. One of EE's addresses is on Telegraph Road in Bloomfield Hills, Michigan. EE denies the remaining allegations in this paragraph for lack of knowledge or information to form a belief as to the remaining allegations in this paragraph, except to deny that it violated the law or is liable to Plaintiff under any theory for any amount.

9. Admitted in part. EE admits that one of its registered agents is the Corporation Service Company in Richmond, VA. The remaining allegations in this paragraph are denied as they

constitute conclusions of law, for which no response is required. EE refers all questions of law to this Honorable Court.

10. Admitted in part, denied in part. EE admits that one of its services is the collection of amounts owed to another. The remaining allegations in this paragraph are denied as they constitute conclusions of law, for which no response is required. EE refers all questions of law to this Honorable Court.

11. Admitted in part, denied in part. EE admits that one of its services is the collection of amounts owed to another. The remaining allegations in this paragraph are denied as they constitute conclusions of law, for which no response is required. EE refers all questions of law to this Honorable Court.

12. The allegations in this paragraph are denied as they constitute conclusions of law, for which no response is required. EE refers all questions of law to this Honorable Court.

**FACTS**

13. Admitted in part, denied in part. EE admits that the Plaintiff incurred an amount with her homeowners' association. However, upon information and belief, the subject property is not used for primarily personal, family, or household purposes, but for a rental property. EE denies the remaining allegations in this paragraph for lack of knowledge or information to form a belief as to the remaining allegations in this paragraph, except to deny that it violated the law or is liable to Plaintiff under any theory for any amount.

14. Admitted in part, denied in part. EE admits that an account of the Plaintiff's was placed with it. However, upon information and belief, the subject property is not used for primarily personal, family, or household purposes, but for a rental property. EE denies the remaining allegations in this paragraph for lack of knowledge or information to form a belief as to the

remaining allegations in this paragraph, except to deny that it violated the law or is liable to Plaintiff under any theory for any amount.

15. Admitted in part denied in part. EE admits that, upon information and belief, the Plaintiff has filed for bankruptcy. EE denies the remaining allegations in this paragraph for lack of knowledge or information to form a belief as to the remaining allegations in this paragraph, except to deny that it violated the law or is liable to Plaintiff under any theory for any amount.

16. The Plaintiff has not been current on her assessments since prior to 2011. EE denies the remaining allegations in this paragraph for lack of knowledge or information to form a belief as to the remaining allegations in this paragraph, except to deny that it violated the law or is liable to Plaintiff under any theory for any amount.

17. EE denies that the dues for Twin Hickory have always been $880/year. EE denies all remaining allegations in this paragraph.

18. Denied.

19. A judgment is a writing which speaks for itself. Plaintiff has not attached a copy of the writing which it wishes EE to speak to, and as such, EE is incapable of providing a meaningful response. As such, EE denies the remaining allegations in this paragraph for lack of knowledge or information to form a belief as to the remaining allegations in this paragraph, except to deny that it violated the law or is liable to Plaintiff under any theory for any amount.

20. EE denies that it has ever failed to credit payments properly, or it has "misapplied" payments, or "failed' to credit payments made. EE denies the remaining allegations in this paragraph for lack of knowledge or information to form a belief as to the remaining allegations in this paragraph, except to deny that it violated the law or is liable to Plaintiff under any theory for any amount.

21. EE denies the allegations in this paragraph for lack of knowledge or information to form a belief as to the remaining allegations in this paragraph, except to deny that it violated the law or is liable to Plaintiff under any theory for any amount.

22. EE denies the allegations in this paragraph for lack of knowledge or information to form a belief as to the remaining allegations in this paragraph, except to deny that it violated the law or is liable to Plaintiff under any theory for any amount.

23. Denied.

24. Denied.

25. Denied.

26. Admitted in part, denied in part. EE admits that the Plaintiff remitted payment that was received in January 2018 – not that it was for 2018 Dues. EE denies the remaining allegations in this paragraph for lack of knowledge or information to form a belief as to the remaining allegations in this paragraph, except to deny that it violated the law or is liable to Plaintiff under any theory for any amount.

27. Admitted in part, denied in part. EE admits having received a payment from the Plaintiff in January 2018. EE denies the remaining allegations in this paragraph for lack of knowledge or information to form a belief as to the remaining allegations in this paragraph, except to deny that it violated the law or is liable to Plaintiff under any theory for any amount.

28. EE denies the allegations in this paragraph for lack of knowledge or information to form a belief as to the allegations in this paragraph, except to deny that it violated the law or is liable to Plaintiff under any theory for any amount.

29. Denied.

30. Admitted in part, denied in part. EE admits having received a payment from the Plaintiff in May 2018. EE denies the remaining allegations in this paragraph.

31. Denied.

32. EE denies having "charged" or "added" any amounts not permitted by law or contract. EE denies the remaining allegations in this paragraph for lack of knowledge or information to form a belief as to the remaining allegations in this paragraph, except to deny that it violated the law or is liable to Plaintiff under any theory for any amount.

33. EE denies having "charged" or "added" any amounts not permitted by law or contract. EE denies the remaining allegations in this paragraph for lack of knowledge or information to form a belief as to the remaining allegations in this paragraph, except to deny that it violated the law or is liable to Plaintiff under any theory for any amount.

34. EE denies having "charged" or "added" any amounts not permitted by law or contract. EE denies the remaining allegations in this paragraph for lack of knowledge or information to form a belief as to the remaining allegations in this paragraph, except to deny that it violated the law or is liable to Plaintiff under any theory for any amount.

35. Denied.

36. Admitted in part, denied in part. EE admits having received a payment from the Plaintiff in October 2018. EE denies the remaining allegations in this paragraph.

37. EE denies having "charged" or "added" any amounts not permitted by law or contract. EE denies the remaining allegations in this paragraph for lack of knowledge or information to form a belief as to the remaining allegations in this paragraph, except to deny that it violated the law or is liable to Plaintiff under any theory for any amount.

38. Denied.

39. Admitted in part, denied in part. EE admits having received a payment from the Plaintiff in February 2019. EE denies the remaining allegations in this paragraph.

40. Denied.

41. Admitted in part, denied in part. EE admits having received a payment from the Plaintiff in April 2019. EE denies the remaining allegations in this paragraph.

42. EE denies having "charged" or "added" any amounts not permitted by law or contract. EE denies the remaining allegations in this paragraph for lack of knowledge or information to form a belief as to the remaining allegations in this paragraph, except to deny that it violated the law or is liable to Plaintiff under any theory for any amount.

43. EE denies having "charged" or "added" any amounts not permitted by law or contract. EE denies the remaining allegations in this paragraph for lack of knowledge or information to form a belief as to the remaining allegations in this paragraph, except to deny that it violated the law or is liable to Plaintiff under any theory for any amount.

44. Denied.

45. Admitted in part, denied in part. EE admits having received a payment from the Plaintiff in July 2019. EE denies the remaining allegations in this paragraph.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. EE denies the allegations in this paragraph for lack of knowledge or information to form a belief as to the remaining allegations in this paragraph, except to deny that it violated the law or is liable to Plaintiff under any theory for any amount.

53. EE denies having "charged" or "added" any amounts not permitted by law or contract. EE denies the remaining allegations in this paragraph for lack of knowledge or information to form a belief as to the remaining allegations in this paragraph, except to deny that it violated the law or is liable to Plaintiff under any theory for any amount.

54. Denied.

### EE'S RESPONSES TO PLAINTIFF'S COUNT I
### FAIR DEBT COLLECTION PRACTICES ACT ("FDCPA")

55. EE incorporates all preceding paragraphs as if set forth fully herein by reference.

56. EE denies the allegations in this paragraph and all of its many subparts.

57. EE denies the allegations in this paragraph.

### SPECIFIC DENIAL

EE hereby specifically denies any allegations not expressly admitted in the forgoing allegations.

### DEMAND FOR TRIAL BY JURY

Defendant hereby demands a trial by jury on all issues so triable.

### ANSWER TO PRAYER FOR RELIEF

Admitted in part and denied in part. EE admits that Plaintiff prays for relief, including actual damages, statutory damages, costs and fees, punitive damages, economic, and noneconomic damages, but EE denies that relief is available to the Plaintiff and moreover, deny that the Plaintiff are entitled to any such relief in the absence of a viable claim.

**AFFIRMATIVE DEFENSES**

1. Plaintiff has failed to plead a claim upon which relief may be granted.

2. Plaintiff has failed to show any violation of the law, and, therefore, is not entitled to attorneys' fees or costs.

3. EE is not liable to Plaintiff because any alleged violation, if true, was either unintentional or the result of a *bona fide* error despite the maintenance of procedures reasonably adapted to avoid any such violation or error. *See* 15 U.S.C. § 1692k.

4. A plaintiff has the burden of proving that the underlying debt is consumer in nature. Plaintiff have not plead any facts demonstrating that the alleged account at issue was a consumer debt beyond mere conclusory statements.

5. Plaintiffs' claims against EE appear to be barred in whole or in part by the applicable statute of limitations and EE affirmatively asserts this defense.

6. Plaintiff has failed to meet all conditions precedent.

7. Plaintiff's unclean hands and inequitable conduct bar the Complaint and each purported cause of action alleged therein.

8. Any violation of the law or damage suffered by Plaintiff, which EE denies, was due to the affirmative actions and/or omissions of Plaintiff or others and does not give rise to any liability or damages as to EE.

9. Plaintiff has failed to allege any fact that would support a claim for actual damages. Therefore, to the extent Plaintiff seeks actual damages, that request for should be dismissed or withdrawn.

10. Plaintiff's claims are barred, in whole or in part, because Plaintiff lacks standing to bring certain claims or seek certain relief.

11. Plaintiff's claims are barred to the extent that EE acted in good faith in conformity with and in reliance upon administrative regulations, order, rulings, interpretations, practices or enforcement policies.

12. Plaintiffs' claims, as plead, may be preempted in whole or in part.

13. Plaintiffs may not have a private cause of action to bring suit against Defendants.

14. Plaintiffs' claims are barred in whole or in part by offset or setoff, including Plaintiffs' failure to pay amounts owed to their underlying original creditor.

15. Plaintiff's claims against EE are barred in whole or in part, by the fact Plaintiff has no actual damages attributable to EE, and because HOA costs of collections are not "debts" as defined by the FDCPA.

16. Plaintiff lacks the capacity to sue the EE because Plaintiffs have not suffered any damage(s) caused by or attributable to the Defendants' actions.

17. Plaintiff's claims for damages may be barred, in whole or in part, by Plaintiff's failure to mitigate and the equitable doctrine of laches.

18. Defendants reserve the right to amend or supplement their affirmative defenses to include any defenses of which they are not presently aware, and may assert any other affirmative defense not provided for herein upon further investigation and discovery.

   **WHEREFORE**, Defendant EquityExperts.org, LLC respectfully requests that this Honorable Court enter judgment in its favor, dismissing Plaintiffs' Complaint and granting any and all other relief as the Court deems just and equitable.

Dated: October 8, 2021      Respectfully Submitted,

               <u>/s/Walter Buzzetta</u>
               Walter J. Buzzetta (VSB No. 68006)
               Stradley Ronon Stevens & Young LLP
               2000 K Street, N.W., Suite 700

>Washington, DC 20006
>Tel. (202) 507-6407
>Fax (202) 822-0140
>wbuzzetta@stradley.com
>*Counsel for Defendant EquityExperts.org LLC*

### Certificate of Service

    I hereby certify that a true and accurate copy of the foregoing document has been served by the Court's CM/ECF service to all counsel of record on October 8, 2021.

>/s/Walter Buzzetta
>Walter Buzzetta

5329680